

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00328-CR

JAMES GARLAND RHODES

APPELLANT

V.

THE STATE OF TEXAS

STATE

------------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

----------

On May 28, 2010, as part of a plea bargain agreement, Appellant James Garland Rhodes pleaded guilty to aggravated sexual assault of a child under fourteen years of age, and the trial court sentenced him to twenty years' confinement. Also on May 28, 2010, the trial court certified that this is a plea bargain case and that Appellant has no right to appeal. On July 8, 2010, Appellant filed a notice of appeal. On August 10, 2010, we notified Appellant's counsel that Appellant's notice of appeal was not timely filed, that the certification

---

[1]*See* Tex. R. App. P. 47.4.

indicating that Appellant had no right to appeal had been filed in this court, and that this appeal could be dismissed unless Appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal on or before August 20, 2010. *See* Tex. R. App. P. 25.2(d), 44.3. To date, we have received no response showing any grounds for continuing the appeal.

Rule 25.2(a)(2) limits the right of appeal in a plea-bargain case to matters that were raised by written motion filed and ruled on before trial or to cases in which the appellant obtained the trial court's permission to appeal. Tex. R. App. P. 25.2(a)(2). The trial court's certification denied permission to appeal, and Appellant does not challenge a pretrial ruling on a written motion or the validity of his waiver of the right to appeal such a motion. Further, under rule 25.2(b), appeal is perfected by filing a timely notice of appeal. Tex. R. App. P. 25.2(b). Under rule 26.2(a), notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended in open court or within ninety days if appellant timely files a motion for new trial. Tex. R. App. P. 26.2(a). Appellant did not file a motion for new trial, and his notice of appeal was not filed within thirty days after his sentence was imposed. Accordingly, we dismiss this appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f).

PER CURIAM

PANEL: GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 21, 2010